IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **PAULA BEALS, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. 05-CV-196-DRH |
| **THE VARIABLE ANNUITY LIFE INSURANCE COMPANY,** | § § § § | |
| **Defendant.** | § § | |

**THE VARIABLE ANNUITY LIFE INSURANCE COMPANY'S
MOTION FOR STAY OF PROCEEDINGS**

**I.    INTRODUCTION**

The Variable Annuity Life Insurance Company ("VALIC") moves the Court to stay proceedings pending the Seventh Circuit's decision in *Kircher v. Putnam Funds Trust* (No. 04-1495).  On June 29, 2004, the Seventh Circuit issued a ruling concluding that it has jurisdiction over appeals from the remand orders issued in a number of cases involving claims almost identical to the claims asserted in this case.  *See Kircher v. Putnam Funds Trust*, 373 F.3d 847 (7th Cir. 2004).  Because the Seventh Circuit's decision will determine both whether this Court has jurisdiction over Beals's claims under SLUSA and, as a result, whether Beals's claims must be dismissed, VALIC respectfully suggests that this Court stay these proceedings until the Seventh Circuit has decided *Kircher*.

VALIC also moves to stay the proceedings in this Court pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on VALIC's application to transfer the case to the United States District Court for the District of Maryland.  VALIC has moved before the

JPML for transfer to that court for consolidated pretrial proceedings with *In re Mutual Funds Investment Litigation*, MDL-1586.[1]

## II.     BACKGROUND

Beals filed her Complaint on February 15, 2005, in the Third Judicial Circuit of Madison County, Illinois.  The Complaint alleges negligence, gross negligence, and breach of fiduciary duty based on so–called "market timing" activity in mutual fund-type investment options called "sub-accounts" that are offered through VALIC's variable annuities.  Beals's lawsuit is one of hundreds of similar lawsuits filed across the country asserting claims based on such "market timing" activity.

In 2004, a number of similar cases were filed in the circuit court of Madison County and removed to federal court on the grounds, among others, that the claims were covered by SLUSA.  In those cases, the district courts remanded the actions, and defendants appealed the remands to the Seventh Circuit.  On June 29, 2004, the Seventh Circuit issued an opinion in *Kircher* concluding that it has jurisdiction to consider a defendant's appeal of an order to remand when the removal is based on SLUSA.  The Seventh Circuit consolidated the appeals and has received briefing from all parties and heard oral arguments on the appeals.[2]

On March 17, 2005 VALIC timely filed a Notice of Removal to the Southern District of Illinois in part based on federal question jurisdiction under the The Investment Company Act of 1940 ("the 1940 Act") and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").

---

[1] On December 8, 2005, the JPML transferred two other cases from the Southern District of Illinois that alleged the same factual and legal claims Beals has alleged in this case.  *See* Transfer Order, *In Re Mutual Funds Investment Litigation,* MDL No. 1586 (Dec. 8, 2004), a copy of which is attached as Ex. 1.

[2] The Seventh Circuit consolidated 9 appeals that addressed the same issues with Kircher and will decide these appeals in a single proceeding.  *See* Docket Sheet for 04-1495, a copy of which is attached as Ex. 2.

On March 18, 2005, VALIC filed a Notice of Related Action with the JPML. *See* Notice of Related Action, attached at Ex. 3. This action is related to other MDL-1586 actions as a "tag-along action" within the definition provided in JPML Rule 1.1 because it involves claims concerning issues of valuation and damages centering on alleged "market timed" activities. Beals will be provided an opportunity to object to transfer under JPML Rule 7.4(c).[3]

### III. PROCEEDINGS IN THIS CASE SHOULD BE STAYED PENDING THE SEVENTH CIRCUIT'S DECISION IN KIRCHER.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). Federal district courts routinely stay cases when the relevant appeals court is currently considering the same issue in a different case. *See, e.g., Banos v. City of Chicago,* No. 98 C 7629, 2004 WL 626154 (N.D. Ill. March 25, 2004) (district court stayed proceedings on a summary judgment motion pending disposition of the same issue of law presented by a different case then on appeal to the Seventh Circuit).[4]

The issues to be resolved in *Kircher* regarding SLUSA will control the outcome in this case. Thus, *Kircher* will resolve the question of whether this court has jurisdiction over this matter under SLUSA. In addition, SLUSA completely preempts state law claims alleging fraud in connection with the purchase or sale of a security. *See* 15 U.S.C. § 78bb(f)(1). Therefore, if the Seventh Circuit finds that the claims such as those presented in this case come within

---

[3] "Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period [from the entry of the transfer order]." *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* 7.4 (c).

[4] *See also, Trinity Indus., Inc.,* No. MISC-J-83-131-12, 1987 WL 258182, *1 (M.D. Fla. July 20, 1987) (district court stayed proceedings pending decision of Eleventh Circuit "involving the same discovery issues"); *Nat'l Prison Project of Am. Civil Liberties Union Found., Inc. v. Sigler,* 390 F. Supp. 789, 790 (D.D.C. 1975) (district court stayed proceedings pending decision of D.C. Circuit involving same issue).

SLUSA, then this case must be dismissed.  *See* 15 U.S.C. § 78bb(f)(1); 15 U.S.C. § 77p(b).  Because the Seventh Circuit's decision on the applicability of SLUSA to Beals's claim will impact both any remand issue and whether Plaintiff can even maintain this suit at all, the interest of judicial economy will be served by staying all proceedings in this case pending the Seventh Circuit's decision in the *Kircher* case.

Courts in the Southern District of Illinois have previously recognized the direct implications that the Seventh Circuit's decision in *Kircher* will have upon the assessment of subject matter jurisdiction in cases involving "market-timing" activity that had been removed to federal court and accordingly issued stays.  *See* Memorandum and Order, *Woodbury v. Nationwide Life Ins. Co.,* No. 04-CV-0373-MJR (S.D. Ill. July 30, 2004), attached as Ex. 4; Order, *Wiggenhorn v. Equitable Life Assurance Soc'y of the U.S.,* No. 04-CV-0372-DRH (S.D. Ill. August 24, 2004), attached at Ex. 5.  For the reasons provided in those orders it is proper that the Court stay the proceedings in this case.

## IV.  PROCEEDINGS IN THIS CASE SHOULD BE STAYED UNTIL THE JPML RULES ON VALIC'S MOTION TO TRANSFER.

Federal case law is replete with instances of district courts staying proceedings pending a JPML ruling, because a stay in such circumstances promotes judicial economy and the goals the JMPL exists to accomplish.  *See, e.g.*, *Ivy v. Diamond Shamrock Chems. Co.*, 901 F.2d 7, 8 (2d Cir. 1990) (observing that district court declined to rule on remand motion where there was motion to vacate conditional transfer order pending before the JPML and holding that the JPML has jurisdiction to transfer a case where jurisdictional objection is pending); *Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 428 (D.N.J. 2003) (staying proceedings pending JPML's decision on motion for consolidation); *Bd. of Drs. of the Teachers' Ret. Sys. of the State of Ill.*, 244 F. Supp. 2d 900, 906 (N.D. Ill. 2002) (staying cases pending JPML transfer decision); *Med Soc'y of the*

*State of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001) (deferring ruling on remand motions until the JPML rules on defendants' transfer requests); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (staying action, including ruling on motion to remand, pending JPML transfer decision).  Indeed, at least one federal district court has determined that a stay of proceedings is appropriate in the context of litigation involving alleged "market timing" activity.  *See Nekritz v. Canary Capital Partners*, Civ. No. 03-5081 (D.N.J. Jan. 12, 2004), attached as Ex. 6.

The MDL Court seeks to assure that "all persons in a definable class who suffered the same type of injury" are treated the same.  *In re Alger, Columbia, Janus, MFS, One Group, Putnam Mut. Fund Litig.,* No. 04-MD-15863 (D. Md. June 2, 2004) (deferring decision on motions to remand), attached as Ex. 7.  Therefore, for reasons of judicial economy, and out of deference to the MDL Court's mandate to coordinate federal market-timing litigation, this Court should stay proceedings pending the potential transfer of the case to the MDL Court.  Judicial economy, consistency, and deference to the MDL Court predominate over any potential inconvenience caused by a stay.

**V.    CONCLUSION**

For the reasons provided, VALIC asks this Court to stay all proceedings in this action.

Respectfully Submitted,

/s/ Richard K. Hunsaker

| | |
|---|---|
| Of Counsel: | HEYL, ROYSTER, VOELKER & ALLEN, PC |
| DANIEL McNEEL LANE, JR. | Robert H. Shultz, Jr. #03122739 |
| Texas State Bar No. 00784441 | Richard K. Hunsaker, #06192867 |
| DAVID A. JONES | Deborah A. Hawkins, #06273931 |
| Texas State Bar No. 00795086 | Mark Twain Plaza II |
| JOSEPH L. SORKIN | 103 West Vandalia Street, Suite 100 |
| Texas State Bar No. 24033215 | P.O. Box 467 |
| AKIN GUMP STRAUSS HAUER & FELD | Edwardsville, IL  62025 |
| 300 Convent, Suite 1500 | Attorneys for Defendant The Variable Annuity Life |
| San Antonio, Texas  78205 | Insurance Company |

## CERTIFICATE OF SERVICE

     I hereby certify that on March 18, 2005, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Stephen M. Tillery, Esq.<br>
KOREIN TILLERY LLC<br>
10 Executive Woods Court<br>
Swansea, IL  62226<br>
<br>
George A. Zelcs, Esq.<br>
KOREIN TILLERY LLC<br>
Three First National Plaza<br>
70 West Madison, Suite 660<br>
Chicago, IL  60602<br>
<br>
Andrew S. Friedman, Esq.<br>
Francis J. Balint, Jr., Esq.<br>
BONNET, FAIRBOURN, FRIEDMAN & BALINT, P.C.<br>
2901 North Central Avenue<br>
Suite 1000<br>
Phoenix, AZ  85012

                                        /s/ Richard K. Hunsaker  
                                        HEYL, ROYSTER, VOELKER & ALLEN